**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MEHDI SHIRAZI MOHAMMADI and FARIDEH PAHLAVANZADEH, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:16-CV-8180 |
| MEGABUS USA, LLC d/b/a MEGABUS and UNIDENTIFIED MEGABUS DIRVER, | ) | The Honorable John Robert Blakey |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO REMAND BACK TO STATE COURT**

NOW COMES the Plaintiffs, MEHDI SHIRAZI MOHAMMADI, and FARIDEH PAHLAVANZADEH, by and through their attorneys, GOLDBERG WEISMAN CAIRO, for their Motion to Remand this Case back to the State Court Or, Alternatively, Leave to Amend their Complaint Replacing the named "UNIDENTIFIED MEGABUS DRIVER" with the Specific Name, STEVEN JACKSON, Resident of the State of Illinois, in Response to the Notice of Removal filed by Defendant, MEGA BUS USA, LLC d/b/a MEGABUS (hereinafter "Megabus"), pursuant to 28 U.S.C. § 1447(c) and/or 28 U.S.C. § 1447(e) and Fed. R. Civ. Proc. 15(a)(2), and for any other relief this Court deems appropriate. In support, Plaintiffs' state:

**INTRODUCTION**

Plaintiffs filed this personal injury action against: 1) Mega Bus USA, LLC; and 2) the "Unidentified Megabus Driver" in the Circuit Court of Cook County. Shortly thereafter, Plaintiffs filed a motion for expedited discovery to learn both the full name and residency of the bus driver before the two year occurrence date of October 12, 2014. However, before the motion

was heard, the defense filed their Notice of Removal claiming there was diversity of citizenship between the parties. Just recently, however, Plaintiffs' learned the bus driver was a resident of Waukegan, Illinois (along with his full name). Because Plaintiffs were also residents of Illinois at the time the complaint was filed, there is no diversity of citizenship between the parties and, therefore, the case should be remanded back to state court. Accordingly, Plaintiffs have filed this Motion to Remand the Case back to state court or, alternatively, request leave to amend their complaint to include the specific name and residency of the bus driver (by replacing "Unidentified Megabus Driver" with "Steven Jackson, a resident of the State of Illinois for purposes of diversity of citizenship") and to Remand the Case back to state court.

**STATEMENT OF FACTS**

Plaintiff filed this personal injury case against Defendant, Megabus, for an incident that occurred on October 12, 2014 involving a Megabus departing from Iowa City, Iowa for Chicago, Illinois. (*See* Complaint at Law, Exh. A.) Plaintiffs were an elderly couple who allege the bus driver pressed the accelerator before the Plaintiffs had been seated on the upper deck of the bus, causing Plaintiff to fall down the back stairwell resulting in a fractured skull and brain damage. (Id.) At the time of the incident and when the complaint was filed, Plaintiffs' primary residence was the State of Illinois. Because there had been no formal police investigation, Plaintiffs had no formal police report identifying the full name of the bus driver or his primary residence. On July 18, 2016, Plaintiffs filed their complaint in the Circuit Court of Cook County, Chicago, Illinois naming: 1) Megabus USA, LLC, reportedly a citizen of New Jersey with a principal place of business in Chicago, Illinois; and 2) an "Unidentified Megabus Driver" as defendants.

(Id.) (*See* Id.; *see also* Megabus USA, LLC's Answer and Affirmative Defenses to Plaintiffs' Complaint at Law, Exh. B.)

On August 16, 2016, Plaintiffs filed a motion for expedited discovery in state court to ascertain matters regarding the defendant bus driver, including the driver's full name and principal place of residency, scheduled to be heard on August 26, 2016. (See Motion for Expedited Discovery, Exh. C) On August 1, 2016, before the motion was heard, Defendant, Megabus, filed their Notice of Removal to Federal Court. (*See* Defendant's Notice of Removal, attached hereto as Exhibit D.) More recently, Plaintiffs learned from Megabus both the full name and residency of the Defendant bus driver: Steven Jackson of Waukegan, Illinois. (See Correspondence from Defense Counsel, Exh. E) Therefore, the Defendant bus driver and Plaintiffs were residents of the State of Illinois at the time the complaint was filed (and at the time of removal) for purposes of diversity.

## ARGUMENT

### I. THIS CASE SHOULD BE REMANDED TO STATE COURT BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION, AS THERE IS NO DIVERSITY OF CITIZENSHIP.

The stated basis for the Defendant's Notice of Removal was diversity jurisdiction, under 28 U.S.C. § 1332. An individual's domicile determines state citizenship for the purposes of diversity jurisdiction. *Daimler AG v. Bauman*, 134 S.Ct. 746, 760 (2014).

#### A. Plaintiffs and Bus Diver Were Citizens of Illinois:

In this case, Plaintiffs are Illinois citizens for diversity purposes. Plaintiffs were and remained domiciled at 100 E. Huron Ave., Apt. 1303, Chicago, Illinois 60611. Therefore, Plaintiffs are domiciled in Illinois for diversity purposes. Similarly, previously named

"Unidentified Megabus Driver", now known to be Steven Jackson, was and is citizen of Illinois for diversity purposes. Based on a letter from Megabus' counsel, Mr. Jackson is a Waukegan, Illinois resident; this letter was dated just weeks after the time the complaint was filed. Thus, despite the fact that the Defendant, Megabus, is a Limited Liability Corporation with its sole member in New Jersey, complete diversity does not exist because the bus driver and plaintiffs were domiciled in Illinois.

**B. No Diversity of Citizenship:**

Commencing with the Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 78, Congress has constantly authorized the federal courts to exercise jurisdiction based on the diverse citizenship of parties. In *Strawbridge v. Curtiss*, The Supreme Court of the United States construed the original Judiciary Act's diversity provision to require complete diversity of citizenship. 7 U.S. 267 (1806). The Supreme Court, and every court in the United States, has "adhered to that statutory interpretation ever since." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), *citing Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990). This complete diversity requirement is based on the diversity statute, not Article III of the Constitution. *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530–531 (1967).

The statute conferring general-diversity jurisdiction, and thus permitting federal district court jurisdiction over suits for more than $75,000 "between ... citizens of different States," applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. § 1332(a). Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party. *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993), *citing Strawbridge*, 7 U.S. 267 (1806), *Owen Equipment and Erection*

*Company v. Kroger*, 437 U.S. 365, 373 (1978); *City of Indianapolis v. Chase National Bank of City of New York*, 314 U.S. 63, 69 (1941).

In this case, Plaintiffs and the Defendant bus driver were citizens of Illinois. The fact Defendant, Megabus USA, LLC was allegedly a citizen of New Jersey is immaterial. Because one plaintiff and one defendant are from the same state, this court lacks complete diversity as required by 28 U.S.C. § 1332.

**D. Remand or Amend and Remand:**

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). Because the defendant bus driver and plaintiffs were both citizens of Illinois, the case should be remanded based on a lack of subject matter jurisdiction.

When Megabus filed it Notice of Removal after Plaintiffs filed their motion for expedited discovery in state court and before it was heard, Megabus knew the "Unidentified Megabus Driver" was a citizen of Illinois. Megabus knew this would destroy diversity and, therefore, prevent removal; but Megabus went ahead and filed the notice of removal anyway. Because Megabus knew the bus driver named in the complaint was a citizen of Illinios, Megabus should have never sought removal in the first place because it knew the parties were non-diverse.

In its Notice of Removal, Megabus argued naming an "Unidentified" defendant will not defeat its right to remove the case based on diversity. Even if that was true then, the issue before the Court now is whether the case should remanded to state court because we now know the defendant bus driver's citizenship destroys diversity.

Plaintiffs do not believe an amended complaint must for this Court remand the case back to state court. The parties and the Court know diversity of citizenship does not exist. However,

even if "Unidentified Megabus Driver" must be replaced with "Steven Jackson, a citizen of Waukegan, Illinois at the time the original complaint was filed," the case can still be remanded after such an amendment to the complaint—whether on its face or through a first amended complaint with an immediate remand thereafter. *See* Fed. R. Civ. Pro. 15(a)(2); 28 U.S.C. § 1447(c) and (e). To the extent a first amended complaint is necessary, Plaintiffs have attached a First Amended Complaint as Exhibit F.

Granting an amended complaint and remanding a case is even permitted if Plaintiff were joining a new party (rather than correcting an existing party's name and citizenship), provided the court does not retain jurisdiction. Even if Plaintiff were joining a new defendant, 28 U.S.C. § 1447(e) provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court. *See Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir.1996). Thus, although the district court may not permit joinder of a nondiverse defendant and retain jurisdiction, the Court can permit joinder and immediately remand. *See id.; see also Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009); (4th Cir.1999); David D. Siegel, *Commentary on 1988 Revision of Section 1447*, in 28 U.S.C.A. § 1447 (2009) (noting that Congress rejected an approach permitting a court to allow joinder and retain the case)

Plaintiffs recognize case law indicating a plaintiff may not join a nondiverse defendant simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875, 878 (7th Cir.1999); *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir.1993). The "fraudulent joinder" doctrine, therefore, permits a district court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."

*Schur*, 577 F.3d at 763. However, in this case, Plaintiffs' already named a defendant central to the case of action: the bus driver who accelerated from a bus station before Plaintiff, an elderly man, was seated.

The reasons for remand are similar to those in *Carpenter v. Menard, Inc.*, where plaintiffs filed a complaint against Menard, Inc. and "Steve Doe" in the Superior Court of Porter County on April 1, 2014. *Carpenter v. Menard, Inc.*, 2:14-CV-113, 2014 WL 5465747, at *1 (N.D. Ind. Oct. 28, 2014). In *Carpenter*, the plaintiff's original complaint alleged she suffered personal injuries as a result of an alleged slip and fall accident while shopping in a Menard store. *Id.* Plaintiff filed an amended complaint on April 27, 2014 in which they replaced "Steve Doe" with an actual name, Steve Hojancki. *Id.* That was the only change to the complaint, which was made for the purpose of destroying diversity jurisdiction. *Id.* Plaintiffs thereafter filed a motion to remand the case to Porter County. *Id.*

Plaintiffs then filed a second motion for leave to file a second amended complaint, which sought to add two new parties to the case—the general manager on duty at the time of the alleged fall and the employee who operated the equipment which allegedly spread the substance that caused the fall. *Id.* at *2. The General Manager was a citizen of Michigan and the equipment operator was a citizen of Indiana. *Id.* The defense objected. *Id.* The basis of the Defense's objections were that plaintiffs named Hojanacki for the sole purpose of destroying diversity, because the Hojanacki was not on duty at the time of the occurrence giving rise to the suit, such that Plaintiffs have no chance of a viable claim against Hojanacki. *Id.*

The Magistrate Judge concluded the Defendants failed to prove that the Plaintiffs had no plausible chance to succeed in their suit against Hojnacki, and so the Plaintiffs are assumed to have a viable claim against this non-diverse defendant. *Id.* The Magistrate Judge wrote that while

he was "mindful that Menard has an interest in avoiding a potentially biased local forum in an Indiana state court, the very purpose of diversity jurisdiction… Menard provides no argument for why its interest should outweigh Plaintiffs' interest in [their] choice of forum." *Id.* at *4. On appeal, the Court adopted the Magistrate Judge's recommendation, and instructed the court to remand the case back to Porter County, Indiana. *Id.* at 5.

Like in *Carpenter,* this case should be remanded to the state court in which it was properly filed. Like *Carpenter*, this case was initially filed in State Court where the non-diverse defendant was sued under a fictitious name. Like *Carpenter*, the non-diverse defendant was an employee of the defendant entity that was sued. Like *Carpenter*, the non-diverse Defendant was added with a good faith basis, was a proper party, and was alleged to be acting within the scope of his employment when joined. Like *Carpenter*, the Plaintiff here has timely filed a motion to amend and to remand.

As discussed, Megabus removed this case to Federal Court before it answered the Plaintiff's motion for expedited discovery in State Court knowing the defendant bus driver resided in Illinois. Thus, Defense was on notice that there was no diversity. Consequently, the equities weigh even more heavily in favor of remanding in this case than they did in *Carpenter.* Just as leave to amend was granted before remand in *Carpenter*, leave to amend should be allowed, if necessary, before remanding this case back to state court.

## <u>CONCLUSION</u>

WHEREFORE the Plaintiffs, MEHDI SHIRAZI MOHAMMADI, and FARIDEH PAHLAVANZADEH, respectfully request that this Court grant their Motion to Remand this Case back to the State Court Or, Alternatively, Leave to Amend their Complaint Replacing the

named "UNIDENTIFIED MEGABUS DRIVER" with the Specific Name, STEVEN JACKSON, Citizen of the State of Illinois, in Response to the Notice of Removal filed by Defendant, MEGA BUS USA, LLC d/b/a MEGABUS (hereinafter "Megabus"), pursuant to 28 U.S.C. § 1447(c) and/or 28 U.S.C. § 1447(e) and Fed. R. Civ. Proc. 15(a)(2), and for any other relief this Court deems appropriate

Respectfully Submitted,

MEHDI SHIRAZI MOHAMMADI, and
FARIDEH PAHLAVANZADEH

By: /s/ *Jason M. Kroot*
Attorney for the Plaintiff

Jason M. Kroot
GOLDBERG WEISMAN CAIRO
One East Wacker Drive, Suite 3800
Chicago, IL 60601
jkroot@gwclaw.com